[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Two parties cited in as apportionment defendants, Carleen Quinn and Century 21 — Root Agency, have moved to strike the apportionment complaint for failure to state a claim upon which relief can be granted. The apportionment complaint contains no count in which the defendants seek any remedy other than apportionment of liability regarding the claims made against themselves by the plaintiffs. The plaintiffs have not sued either Quinn or Century 21 — Root Agency after the defendants filed this apportionment complaint alleging that these parties were at fault as to e various claims made by the plaintiffs in their complaint.
Thus, the movants have not been sued by any of the original parties; rather, the defendants seek only to reduce their own responsibility for any damages awarded at trial by the percentage of fault that the trier of fact may ascribe to Quinn and Century 21 — Root Agency.
The apportionment complaint seeks to apportion fault with regard to the plaintiffs' claims for negligent misrepresentation, intentional misrepresentation, breach of fiduciary duty, and violation of the Connecticut Unfair Trade Practices Act in connection with a claim of nondisclosure of septic system defects at a home purchased by the plaintiffs from Citizens Bank.
In response to the motion to strike, the defendants who filed the apportionment complaint have conceded that Conn. Gen. Stat. § 52-572h authorizes apportionment only in negligence actions but asserts that apportionment is available as to the claims of negligent misrepresentation.
In fact, Conn. Gen. Stat. § 52-572h(c) is more narrowly drafted than the defendants acknowledge. This statute provides that:
 In a negligence action to recover money damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share. . . .[of the CT Page 5969 damages].
A claim of negligent misrepresentation that a septic system was adequate does not claim money damages from "personal injury, wrongful death or property damage". Misrepresentation cannot be said to cause damage to a person's property; rather, it inflicts economic damages.
 Conclusion
Since the claims for which apportionment is sought are not within the scope of the apportionment statute, the motion to strike all counts of the apportionment complaint is granted.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT